UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                           Chapter 13

Paula C. Reeves,                               Case No. 17-55219

        Debtor.                                  Hon. Phillip J. Shefferly
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY**

On October 31, 2017, the Debtor filed this Chapter 13 case. On December 13, 2017, two law firms, Edward G. Lennon, PLLC ("Lennon") and Myers & Myers, PLLC ("Myers"), jointly filed a motion ("Motion") (ECF No. 25) requesting a determination that the automatic stay does not apply to Moores River Technology, LLC ("MRT") and Red Cedar Clinic ("RCC"). Lennon and Myers requested the Court to schedule an expedited hearing on the Motion. The Court did so. On December 18, 2017, the Debtor filed a response ("Response") (ECF No. 29). On December 19, 2017, the Court held a hearing on the Motion and the Response.

During the hearing, the attorney for Lennon and Myers referred to a complaint ("Ingham County Complaint") filed by Myers in the Ingham County Circuit Court

against MRT and RCC. During the hearing, the attorney for the Debtor referred to an engagement letter between the Debtor and Myers. Because neither of those documents were in the Court file, the Court requested that the parties file them as exhibits to make them part of the record for the Court to decide the Motion. The Court indicated that once it reviewed those two documents and considered the arguments made at the hearing, it would then decide the Motion. Later the same day as the hearing, the attorney for Lennon and Myers filed a copy of the Ingham County Complaint (ECF No. 31), and the Debtor filed a copy of an engagement letter dated June 29, 2016 between the Debtor and Myers ("Engagement Letter") (ECF No. 32). Along with the Engagement Letter, the Debtor also included billing statements from Myers addressed to the Debtor.[1]

Based on the Court's review of the Motion, Response, and the two exhibits (ECF Nos. 31 and 32) specifically requested by the Court, as well as the arguments

---

[1] Although the Court only requested the parties to file the two documents that were specifically discussed at the hearing, over the next couple of days both sides filed additional documents (ECF Nos. 34 and 35). However, those additional documents were not attached to the Motion or Response and were not specifically discussed at the hearing. Further, the Court did not authorize the parties to just continue filing additional documents to supplement the record. Therefore, the Court disregards those additional documents for purposes of deciding the Motion.

made by the parties at the December 19, 2017 hearing, the Court is now prepared to decide the Motion.

Paragraph 3 of the Motion alleges that Lennon and Myers each hold "valid claims for attorney fees against the Debtor." Paragraph 4 of the Motion alleges that the Debtor holds a membership interest in MRT, and paragraph 9 alleges that the Debtor is the director of RCC. The Motion further alleges that MRT and RCC are not debtors in a bankruptcy case, and requests a declaration that the automatic stay of § 362(a) of the Bankruptcy Code does not apply to Lennon and Myers with respect to any actions that they take against MRT and RCC.

The Debtor acknowledges in the Response that Lennon and Myers hold claims against her in her Chapter 13 bankruptcy case for legal fees, although the Debtor disputes those claims. The Debtor argues in the Response that the automatic stay of § 362(a) in her bankruptcy case applies not only to her, but also to claims against MRT and RCC even though they themselves are not debtors in a bankruptcy case. According to the Debtor, any action taken against MRT and RCC constitutes an act to control property of the Debtor's bankruptcy estate, which is prohibited by § 362(a)(3). Here, the Debtor reasons that her membership interest in MRT constitutes property of her bankruptcy estate and is therefore protected by the

-3-

automatic stay. Although the Debtor does not have an interest in RCC because it is a non-profit entity, the Debtor points out that her sole source of income is derived from her employment at RCC as a director of RCC, and that the wages she derives from RCC are property of her bankruptcy estate under § 1306(a)(2) of the Bankruptcy Code. For those reasons, the Debtor contends that the automatic stay of § 362(a)(3) prohibits any action against RCC, as well as any action against MRT.

The reason the Court asked the attorneys for Lennon and Myers and the Debtor to file the two specific exhibits is because it was unclear precisely what relationship, if any, Lennon and Myers had either with the Debtor or with MRT and RCC. The Engagement Letter makes it clear that the Debtor hired Myers to perform legal services for her and that she agreed to pay for those services. The Ingham County Complaint makes it clear that Myers is not suing the Debtor but is only suing MRT and RCC to collect legal fees that it believes are owed to it by those entities for representing them in litigation.

Turning first to Lennon, from the limited record before the Court, it appears that Lennon represented the Debtor in her divorce proceedings. Lennon is neither a party to the Engagement Letter nor to the Ingham County Complaint. There is nothing in the record to indicate that Lennon is owed any money for legal services by anyone

-4-

other than the Debtor, nor is there anything in the record to indicate that Lennon has ever represented MRT and RCC. To the extent that Lennon is owed legal fees by the Debtor, the enforcement of that claim is unquestionably stayed by § 362(a). The record does not show that Lennon alleges that he has any other claim – against MRT, RCC or anyone else. Lennon's claim against the Debtor will be dealt within the Debtor's Chapter 13 case. Lennon is prohibited by the automatic stay from trying to enforce that claim against MRT or RCC. Therefore, to the extent that the Motion seeks relief for Lennon, the Motion must be denied.

The situation with Myers is different. While the Engagement Letter shows that Myers was retained to do legal work for the Debtor individually, which the Debtor agreed to pay for in the Engagement Letter, the following provision in the Engagement Letter also states that there may be other parties who are also responsible for payment of legal fees to Myers:

> You are primarily and directly responsible for the timely payment of all fees, costs, disbursements, and other charges, *whether or not we seek to collect all of part of those sums from others who may also be responsible for their payment. In the event that we represent more than one individual or entity in this matter, such as in a partnership, joint venture or corporation, each of you will be jointly and severally responsible to us for payment,* and if we represent a partnership, joint venture or similar entity for which the principal is responsible for the debts of the entity, each of the partners, joint venturers, or other members shall be obligated

-5-

jointly or severally to us for payment, to the full extend permitted by law regardless of whether we represent them individually. (Italics added).

The Ingham County Complaint does not name the Debtor as a defendant and it does not seek to collect a debt owed by the Debtor. It names only MRT and RCC, both non-debtors, and it only seeks to recover from those non-debtor entities legal fees for services rendered by Myers to them, not to the Debtor. In contrast to Lennon – which only represented the Debtor individually – Myers alleges in the Ingham County Complaint that it provided legal services directly to MRT and RCC and wants to be paid for those legal services. That does not constitute enforcement of a claim against the Debtor that is stayed under § 362(a)(1) of the Bankruptcy Code. Nor does it constitute an attempt to exercise control over property of the Debtor's bankruptcy estate that is stayed under § 362(a)(3). While it is true that the Debtor's interest in MRT and her wages from RCC constitute property of her bankruptcy estate, the Ingham County Complaint makes no claim to control either of those interests. To the extent that Myers, by the Ingham County Complaint, seeks to collect a debt owed by two non-debtors, MRT and RCC, the automatic stay of § 362(a) in the Debtor's Chapter 13 case does not apply. Therefore, the Motion is granted as to Myers.

At the hearing, the Debtor also argued that even if the automatic stay in the Debtor's bankruptcy case does not apply to actions against MRT and RCC, the Court should consider extending the automatic stay in her Chapter 13 case to MRT and RCC. That request is not supported by the law in this circuit.

The automatic stay "does not extend [ ] to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (emphasis and citation omitted). Requests to extend the stay to non-debtor parties are viewed as requests for injunctive relief under § 105(a). Id. The Sixth Circuit uses the "unusual circumstances" test rather than the traditional test for injunctive relief. Butler v. Cooper Standard Automotive, Inc., 376 Fed. Appx. 487, 492 (6th Cir. 2010); Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.), 280 F.3d 648 (6th Cir. 2002).

There are no unusual circumstances in this case that warrant extending the automatic stay to MRT and RCC. If those parties owe legal fees to Myers, then Myers should be permitted to take action in the Ingham County Circuit Court against them to collect those fees. On the other hand, if MRT and RCC do not owe legal fees to Myers, then those entities are free to assert their defenses in the Ingham County

Circuit Court. The dispute between Myers, on the one hand, and MRT and RCC, on the other hand, is simply a dispute between two non-debtor parties.

The Court's ruling on the Motion's request for relief for Myers might be different if the Debtor had shown that Myers is attempting to enforce its claim against the Debtor by taking action against MRT and RCC. That could well constitute an action to control property of the Debtor's estate. But that is not what the record shows. The Ingham County Complaint contains only causes of action against MRT and RCC for legal fees owed by them – not by the Debtor, for services rendered by Myers to them – not to the Debtor.

Having now had the opportunity to fully review the record in this case, the Court concludes that the Motion's request for relief in favor of Lennon must be denied, but the Motion's request for relief in favor of Myers must be granted. Myers is permitted to prosecute the Ingham County Complaint against MRT and RCC to enforce its claim against those entities with respect to legal fees owing by those entities to Myers. However, the automatic stay remains in effect with respect to Myers' claim for legal fees owing to it by the Debtor: Myers may not seek to enforce that claim or seek to control property of the bankruptcy estate to satisfy that claim as the automatic stay of § 362(a)(1) and (3) prohibits such actions. Myers' claim for

legal fees owing to it by the Debtor may only be prosecuted through the claims allowance process in the Debtor's Chapter 13 case.

**IT IS SO ORDERED**.

**Signed on December 21, 2017**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly
United States Bankruptcy Judge**

-9-

17-55219-pjs    Doc 37    Filed 12/21/17    Entered 12/21/17 17:01:37    Page 9 of 9